IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| Debbie Ahmad,  )<br>)<br>    Plaintiff,  )<br>)<br>vs.  )<br>)<br>NCB Management Services, Inc.,  )<br>)<br>    Defendant  )<br>) | Civil Action File No.:<br>2:22-CV-159-RWS-JCF<br><br>**COMPLAINT WITH**<br>**JURY TRIAL DEMAND** |

### PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

### PARTIES

1. Plaintiff, Debbie Ahmad, is a natural person who resides in Hall County, Georgia.

2. Defendant, NCB Management Services, Inc., is a corporation headquartered in Pennsylvania. It does business, but is not registered, in Georgia.

1

Defendant may be served with process via its President and CEO, Ralph Liberio at 1 Allied Drive, Trevose, Pennsylvania 19053.

## JURISDICTION AND VENUE

3.	This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.	This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.	Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.	Venue is proper in the Gainesville Division because the conduct complained of herein occurred in Hall County, Georgia.

## FACTUAL ALLEGATIONS

7.	Plaintiff is allegedly obligated to pay a consumer debt arising out of a credit card account used for the purchase of ordinary goods and services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. For the last several months, the Plaintiff has been receiving collection calls and letters from a number of parties, including the Defendant.

13. These collection activities have caused a great deal of stress and anxiety to the Plaintiff as she has no way paying the debt in collection.

14. The Fair Debt Collection Practices Act provides an indisputable means by which a consumer may discontinue most communications from a collector, thereby preserving their peace.  15 U.S.C. § 1692c.

15. The act states specifically, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, or if the consumer wishes the debt collector to cease their communication with the consumer, the debt collector shall

not communicate further with the consumer with respect to such debt. 15 U.S.C. § 1692c(c).

16. The statute further provides three exceptions related to future communications that include the debt collector advising the consumer that further efforts are being terminated, that the collector may invoke specified remedies which are ordinarily invoked by such a debt collector, or that the debt collector intends to invoke a specified remedy.

17. Because of the Plaintiff's dire financial condition, she caused to be mailed to the Defendant a letter dated February 3rd, 2021 advising that Plaintiff would not make a payment to the Defendant on the account in collection. Moreover, she stated that if she can make payments in the future, she would contact the Defendant. The content of Plaintiff's letter is reproduced here:

Debbie Ahmad
6364 Spring Lake Dr.
Flowery Branch, GA 30542

February 4, 2021

NCB Management Services, Inc.
PO Box 1099
Langhorne, PA 19047

NCB File # 1009363242
Account: Bank of America - $11,152.31

I received your letter for collection of the Bank of America account. The last year has been very difficult for me. The pandemic has hit me particularly hard. I will not be making a payment and I am behind on a number of accounts. Like everyone else, I am hoping for a better 2021. I can't predict how things will go but will certainly call or email you if I can start making payments through a payment plan.

Thank you,
Sincerely,

*Debbie Ahmad*

18.     Plaintiff's statement that she will not be making a payment on the account was a refusal to pay the account.

19.     Plaintiff's written correspondence was sent to Defendants with the intention that Defendants cease contacting Plaintiff about the debt.

20.     The FDCPA does not require Plaintiff's refusal to pay to be unconditional, nor does it require that Plaintiff's wish to be left alone be stated in the

most general terms. *See Barnes v. Seterus, Inc.*, 2013 U.S. Dist. LEXIS 180418, at *4-5 (S.D. Fla. Dec. 26, 2013).

21.     The ordinary meaning of refuse does not encompass an unalterable rejection and the FDCPA does not require that the consumer use any specific language or magic words to tell a debt collector to cease communication. *Bishop v. I.C. Systems, Inc.*, 713 F. Supp. 2d 1361, 1367-68 (M.D. Fla. 2010).

22.     Per the United States Postal Service, Plaintiff's letter was received by the Defendant on February 11, 2022.  Proof of delivery as accessed through the website maintained by the United States Postal Service for that purpose is reproduced below:



**Tracking Number:** 9171969009350259331341     Remove ✕

Your item was delivered at 10:16 am on February 11, 2021 in LANGHORNE, PA 19047.

**USPS Tracking Plus® Available** ⌄

✓ **Delivered**

February 11, 2021 at 10:16 am
LANGHORNE, PA 19047

23.     Notwithstanding the written notice provided to the Defendant described herein, Defendant continued to contact the Plaintiff seeking collection of the debt. Specifically, on March 22nd and again on April 25, 2022 sent collection letters to the

Plaintiff seeking payment of the account referenced in Plaintiff's letter of February 4, 2022.

24. Neither of Defendant's letters advise the Plaintiff that further collection efforts are being terminated.

25. Neither of Defendant's letters advise the Plaintiff that either Defendant or Bank of America are invoking specified remedies which are ordinarily invoked by Defendant or Bank of America.

26. Neither of Defendant's letters advise the Plaintiff that either Defendant or Bank of America intends to invoke a specified remedy

27. Neither of Defendant's letters are subject to the exceptions described in 15 U.S.C. § 1692c(c)(1), (2), or (3).

## INJURIES-IN-FACT AND DAMAGES

28. Defendant is subjecting Plaintiff to unfair means to collect the debt.

29. Defendants acts and omissions caused particularized harm to the Plaintiff in that the continuing communication despite Plaintiff invoking her right to be free of such violated the Plaintiff's peace and privacy.

30. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to unfair debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) Disturbance of the Plaintiff's peace and her right to be free of communications from the Defendant;

d.) The Plaintiff suffered a violation of her right to privacy; and

e.) Anxiety and worry caused by concern that Defendant was going to continue harassing the Plaintiff regarding a debt Defendant knew she had no means to pay.

31. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT  
15 U.S.C. § 1692 et. seq.**

*Violations of 15 U.SC. § 1692c and subparts*

32. The communications from the Defendant after February 11, 2022 violated 15 U.S.C. § 1692c(c).

### COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**

**O.C.G.A. § 10-1-390, et seq.**

33. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully stated herein.

34. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

35. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

36. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

37. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

38. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

39. Defendant's conduct has implications for the consuming public in general.

40. Defendant's conduct negatively impacts the consumer marketplace.

41. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

42. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

43. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

44. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

45. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 10th day of August, 2022.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*